UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PRISCILLA ANDREINA PADRON GONZALEZ, | ) ) ) | |
| JONALBERT JOSE SANCHEZ ORTEGA | ) ) ) | Civil Action |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. MSC2490031807 |
| U.S. DEPARTMENT OF HOMELAND SECURITY ATTORNEY GENERAL OF THE UNITED STATES, PAM BONDI, U.S. CITIZENSHIP & IMMIGRATION SERVICES DIRECTOR, KIKA SCOTT, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, USCIS JACKSONVILLE FIELD OFFICE DIRECTOR, STEVEN NEYMAN | ) ) ) ) ) ) ) ) ) ) ) ) | No. MSC2590139965 |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA**

I. **JURISDICTION**

1. This is a civil action brought under 5 U.S.C. §706 of the APA. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. The United States waives sovereign immunity under 5 U.S.C. § 702.

II. **STATEMENT OF THE CASE**

2. Plaintiffs, Priscilla Andreina Padron Gonzalez (hereinafter "Plaintiff Padron") Jonalbert Jose Sanchez Ortega (hereinafter "Plaintiff Sanchez") and brings this action challenging

1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

the Defendants' denial of their I-485, Applications to Adjust Status as the decision was arbitrary, capricious and not in accordance with law. *See* 5 U.S.C. §§ 706(1), 706(2)(A).

3. Defendants wrongfully denied Plaintiff Padron's I-485 stating that she was not eligible to adjust under sections 245(c) of the Immigration and Nationality Act (INA) when in fact, she is eligible. Consequently, USCIS also denied Plaintiff Sanchez's I-485 application as the derivative beneficiary of Plaintiff Padron's application. (*See* **Exhibit A:** USCIS Decision Letters Dated May 9, 2025). No discretionary factual findings apply to these decisions. The decisions are simply legally wrong.

4. On its Decision Letter, USCIS alleged the following legal reasons for which the Plaintiff's adjustment could not be approved:

   a. USCIS wrongly alleges that Plaintiff Padron is barred from adjusting under INA 245 (c), for not maintaining continuously a lawful status. This is incorrect as Plaintiff did have status at the time of filing for adjustment. She was and continues to be on Temporary Protected Status (TPS). (*See* **Exhibit A**: USCIS Decision Letter, page 1).

   b. USCIS also incorrectly cites 8 U.S.C. § 1255(c)(2) and 8 U.S.C. § 1255(c)(7) as reasons for the denial even though Plaintiff Padron was in valid immigration status at the time the adjustment application was filed. (*See* **Exhibit A**: USCIS Decision Letter, page 2).

   c. USCIS also incorrectly cites to 8 CFR § 245.1(b)(6), which restricts aliens applying for adjustment of status, if they failed to "maintain continuously a legal status since entry into the United States." USCIS also incorrectly cites 8 C.F.R. §

2

245.1(b)(9), which restricts "[a]ny alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status." (*See* **Exhibit A**: USCIS Decision Letter, page 2). This finding is incorrect as USCIS disregarded the date of the Plaintiff's last entry on advanced parole, FORM I–512T of the Principal Plaintiff on June 25, 2023. (**Exhibit C:** Copy of Plaintiff's I-512T Authorization for Parole of an Alien into the United States).

5. USCIS' denials of the I-485s were legally wrong, arbitrary and capricious because:

   a. Plaintiff Padron's adjustment is approvable as a matter of law under 8 U.S.C. § 1255(a) as she traveled abroad and re-entered the United States with a valid TPS advanced parole document (I-512T);

   b. Plaintiff Padron's adjustment is approvable as a matter of law under 8 U.S.C. § 1255(k) as she did not violate status or work without authorization after her last entry with her TPS advanced parole document on June 25, 2023; and

   c. Plaintiff Sanchez qualifies to adjust status as a derivative beneficiary. Please note that his adjustment is also approvable as a matter of law under 8 U.S.C. § 1255(a) and 8 U.S.C. § 1255(k).

6. USCIS' improper denials of Plaintiffs' I-485 Application have caused Plaintiffs irreparable harm.

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

### III. PARTIES

7. Plaintiff Priscilla Andreina Padron Gonzalez, is the Principal Beneficiary of an I-485 Application to Register Permanent Residence or Adjust Status based on an Approved I-140, Immigrant Petition for Alien Worker.

8. Plaintiff Jonalbert Jose Sanchez Ortega is Plaintiff Padron's husband and a Derivative Beneficiary of his wife's I-485 Application to Register Permanent Residence or Adjust Status.

9. Defendant, Pam Bondi, is the Attorney General of the United States, whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC, 20530.

10. Defendant Kristi Noem, is the Secretary of the Department of Homeland Security, whose office address is MS 0525 Department of Homeland Security, 2707 Martin Luther King Jr Ave SE Washington, DC 20528.

11. Defendant Kika Scott, is the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services whose office address is U.S. Citizenship and Immigration Services Defendant, Kika Scott is the Director of USCIS, whose office address is U.S. Citizenship and Immigration Services 5900 Capital Gateway Drive Camp Springs, Maryland 20588.

12. Defendant Steven Neyman is the Field Office Director of USCIS Jacksonville, whose office address is U.S. Citizenship and Immigration Services, 4121 Southpoint Blvd Jacksonville, FL 32216. In this position, he is responsible for overseeing the adjudication of immigration benefits. The USCIS Director is ultimately responsible for the

4

adjudication of Plaintiffs' application. Defendant Steven Neyman is sued only in his official capacity.

13. Each Defendant is sued in his or her official capacity. Defendants, Pam Bondi, Kristi Noem, Kayak Scott and Steven Neyman, are responsible for the denial of Plaintiffs' I-485 petitions.

14. Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. § 271, and an agency within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefits, including I-485 petitions. USCIS denied Plaintiffs' I-485 petitions.

## IV. VENUE

15. Pursuant to 28 U.S.C. § 1391(e)(1)(C), venue is proper in the Middle District of Florida. The Plaintiffs seek the reopening and approval of Forms I-485, Application to Register Permanent Residence or Adjust Status. Plaintiffs reside at 6770 Burnt Creek Road Jacksonville, FL 32222.

## V. LEGAL BACKGROUND

16. On its July 1st, 2022 Memorandum titled "Temporary Protected Status and Eligibility for Adjustment of Status under Section 245(a) of the Immigration and Nationality Act", USCIS states in the relevant part:

> TPS beneficiaries whom DHS has inspected and admitted into TPS under MTINA [(Miscellaneous and Technical Immigration and Nationality Amendments of 1991)], subsequent to that inspection and admission, will have been 'inspected and admitted' and are 'present in the United States pursuant to a lawful admission,'

5

    including for purposes of adjustment of status under INA 245. This is true even if the TPS beneficiary was present without admission or parole when initially granted TPS.

If the entry occurred on or after July 1, 2022, USCIS will treat the entry as admission for the purpose of meeting 8 U.S.C. § 1255(a)'s inspected and admitted or paroled requirements. (*See* **Exhibit B**: USCIS Policy Memorandum, Rescission of Matter of Z-R-Z-C- as an Adopted Decisions, dated July 1, 2022.)

17. In the pertinent parts, 8 C.F.R. 245.1(b) restricts aliens from applying for adjustment of status to a lawful permanent resident alien in cases where the alien "is not in lawful immigration status on the date of filing his or her application for adjustment of status" and has failed "to maintain continuously a lawful status **since entry** into the United States." *See* 8 C.F.R. 245.1 (b)(5)-(6).

18. Under 8 U.S.C. § 1255(k):

    An alien who is eligible to receive an immigrant visa under paragraph (1), (2), (3), or (5) of section 1153(b) of this title (or, in the case of an alien who is an immigrant described in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if-
        (1) the alien, **on the date of filing an application for adjustment of status**, is present in the United States **pursuant to a lawful admission**;
        (2) the alien, **subsequent to such lawful admission** has not, for an aggregate period exceeding 180 days-
            (A) failed to maintain, continuously, a lawful status;
            (B) engaged in unauthorized employment; or
            (C) otherwise violated the terms and conditions of the alien's admission.

USCIS Policy Manual also states, "INA 245(k) provides certain employment-based adjustment applicants with an exemption from the INA 245(c)(2), INA 245(c)(7), and

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

INA 245(c)(8) adjustment bars." *See* 7 *USCIS Policy Manual* Ch. 8 Inapplicability of Bars to Adjustment, https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-8 (November 26, 2024).

### VI.  FACTUAL ALLEGATIONS

19. On August 15, 2016, Plaintiff Padron entered the United States in B-2 Status.

20. Then, Plaintiff Padron submitted her application for asylum on April 14, 2017, which remains pending.

21. On May 13, 2021 Plaintiff Padron filed Form I-821, Application for Temporary Status which was approved on March 14, 2023, valid from March 13, 2023 to March 10 2024. (*See* **Exhibit E:** Copy of I-797A Notice of TPS initial and current Approvals).

22. On March 7, 2022, USCIS received Form I-140, Immigrant Petition for Alien Worker from the Plaintiff's Employer, which was approved on March 14, 2022. (*See* **Exhibit F**: Copy of Approval Notice for I-140).

23. Plaintiff Padron filed Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records, based on her TPS status. An advanced parole is a document authorizing foreign travel. On May 26, 2023 USCIS approved Plaintiff's advance parole application, receipt number: IOE0917985261. (*See* **Exhibit**

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

C: Copy of Principal applicant's I-512T Authorization for Parole of an Alien into the United States issued May 26, 2023).

24. Plaintiff Padron then traveled abroad and was admitted on Advance Parole on June 25, 2023 with TPS status.. (*See* **Exhibit C:** Copy of I-512T Authorization for Parole of an Alien into the United States issued June 25, 2023; *see also* **Exhibit D:** Copy of I-94 arrival record with stamp).

25. On October 10, 2023 Plaintiff Padron timely and properly filed Form I-485, Application to Register Permanent Residence or Adjust Status based on the Approved I-140.

26. On May 9th, 2025, USCIS issued a denial notice for Plaintiff's I-485 application, claiming she had failed to establish her eligibility for application approval, <u>relying on 8 U.S.C. § 1255(c), stating</u>:

*"Consequently, you failed to maintain, continuously, a lawful status from February 14, 2027 (the date your B2 nonimmigrant status ended) until May 13, 2021 (the date you filed for TPS).."* (*See* **Exhibit A**: Copy of USCIS denial Notice, page 3).

27. USCIS blatantly ignored the law and USCIS memorandum regarding this issue.

28. The denial of the I-485 petitions was arbitrary, capricious, and outside of the law as USCIS ignored USCIS Policy Memorandum dated July 1, 2022 and case law that establishes that a person who travels in TPS advance parole can adjust upon entry for

8

purposes of 8 U.S.C. § 1255(a) eligibility. Plaintiff Padron traveled and was admitted after July 1, 2022 under TPS, which allows her to adjust as she was "'inspected and admitted" and "present in the United States pursuant to a lawful admission."

29. USCIS also erroneously relies on Plaintiff's previous date of entry on August 15, 2016, in their determination of whether Plaintiff Padron has maintained continuously a lawful status under 8 C.F.R. 245.1 (b) when Plaintiff's last date of entry, which is the date relevant for her adjustment of status, was **June 25, 2023**. Plaintiff has, since her date of entry on June 25, 2023, continuously maintained lawful status as she had TPS on the date she filed for adjustment, and her TPS is valid until September 10, 2025. (*See* **Exhibit E:** Copy of I-797A Notice of TPS initial and current Approvals).

30. Plaintiff Sanchez' application for adjustment is also approvable as he also entered with TPS advanced parole on September 1st, 2024 and his TPS status was valid when he filed for adjustment on October 10, 2023. (**Exhibit G.** Copy of Derivative applicant's I-512T Authorization for Parole of an Alien into the United States issued June 11, 2024**).**

31. The APA provides for judicial review of final agency action. 5 U.S.C. 702. It states that a person "suffering [a] legal wrong because of agency action," or "adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

9

judicial review." Id. The reviewing court must "hold unlawful and set aside agency action, findings, and conclusions" that violate any one of six factors. 5 U.S.C. § 706.

32. 5 U.S.C. § 706(2)(A)-(F); see also *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413-14 (1971) (citing 5 U.S.C. § 706(2)(A)-(F)):

> In all cases, agency action must be set aside if the action was:
> a. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> b. contrary to constitutional right, power, privilege, or immunity;
> c. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> d. without observance of procedure required by law;
> e. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> f. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

38. In this case, the Defendants' decision was arbitrary, capricious, or otherwise not in accordance with the law.

## VII. FINAL AGENCY ACTION AND EXHAUSTION OF REMEDIES

39. Administrative appeal of USCIS' denial of a filing is precluded by 8 C.F.R. § 103.2(a)(7)(iii). USCIS' denial of the filing of Plaintiffs' I-485 application is the final agency action under the APA. *See* 5 U.S.C. §§ 551(13); 701(b)(2); 704. Thus, Plaintiffs have no administrative remedies to exhaust.

10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

## VIII. PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

1. Issue a declaration that USCIS's denial of Plaintiffs' Form I-485 is arbitrary, capricious, and not in accordance with the law;

2. Enter an order compelling Defendants to reopen and approve Plaintiffs' improperly denied I-485 Applications;

3. Award Plaintiffs their reasonable attorneys' fees and costs under the Equal Access to Justice Act 28 U.S.C. § 2412, 5 U.S.C. § 504, or any other applicable law; and

4. Award any other such relief as the Court deems just, equitable, and proper.

Respectfully submitted this  day of June 4th, 2025.

/s/Patricia Castillo Flanagan

Patricia Castillo Flanagan, Esq.
Work Visa Lawyers, P.A.
FL Bar No. 71613
261 N University Dr
Suite 500
Plantation, FL 33324
(754) 888-0116
patricia@workvisalawyers.com
Attorney for Plaintiffs

11